**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFF** WENDELL SIZER

**DEFENDANTS** KEY AUTOMOTIVE SALES & SERVICE, INC.

**(b)** County of Residence of First Listed Plaintiff    PHILADELPHIA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    PHILADELPHIA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number) Cary L. Flitter, Esq., and Theodore E. Lorenz, Esq., Flitter Lorenz, P.C., 450 N. Narberth Avenue, Suite 101, Narberth, PA 19072, (610) 822-0782

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: TILA 15 USC § 1601

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint
**JURY DEMAND:** ☒ Yes ☐ No.

**VIII. RELATED CASE(S) IF ANY**
(See instructions):    JUDGE      DOCKET NUMBER

DATE   1/20/15     SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

UNITED STATES DISTRICT COURT                        APPENDIX F

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: ~~5543 Race Street, Philadelphia, PA 19139~~

Address of Defendant:  101 W. Erie Avenue, Philadelphia, PA 19140

Place of Accident, Incident or Transaction:  101 W. Erie Avenue, Philadelphia, PA 19140

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)                    Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?                                         Yes ☐   No ☒

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes ☐   No ☒

CIVIL: (Place ☒ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
(Please specify)  TILA, 15 USC § 1601

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability (Asbestos)
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, *Andrew M. Milz* , counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought

DATE:  1/20/15 _____        _____        207715 _____
                              Attorney-at-Law                              Attorney I.D.

**NOTE:**  A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:  1/20/15 _____        _____        207715 _____
CIV.609 (4/03)                      Attorney-at-Law                              Attorney I.D.

**APPENDIX I**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| WENDELL SIZER | : | CIVIL ACTION |
| V. | : | |
| KEY AUTOMOTIVE SALES & SERVICE, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)  Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                    (    )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits                          (    )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. (    )

(d)  Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                 (    )

(e)  Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management
by the court. (See reverse side of this form for a detailed explanation of special
management cases)                                                                     (    )

(f)  Standard Management – Cases that do not fall into any one of the other tracks.       ( X )

| | | |
|---|---|---|
| _1/20/15_ | _[signature]_ | _ANDREW M. MILZ_ |
| **Date** | **Attorney at Law** | **Attorney for Plaintiff** |
| (610) 822-0782 | (610) 667-0552 | Amilz@consumerslaw.com |
| **Telephone** | **Fax Number** | **E-Mail Address** |

(Civ.660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WENDELL SIZER<br>5543 Race Street<br>Philadelphia, PA  19139,<br><br>                              Plaintiff,<br><br>                    v.<br><br>KEY AUTOMOTIVE SALES & SERVICE, INC.<br>101 W. Erie Avenue<br>Philadelphia, PA  19140,<br>                              Defendant. | CIVIL ACTION NO. |

## COMPLAINT

### I.   INTRODUCTION

1.      This is an action to redress financing fraud by a buy-here/pay-here auto dealer. Plaintiff sues for violations of the Truth in Lending Act, 15 U.S.C. §1601, *et seq.* ("TILA") and implementing Regulation Z, 12 C.F.R. §1026, Pennsylvania's Uniform Commercial Code, 13 Pa. C.S. §9601, *et seq.* ("UCC") and Unfair Trade Practices and Consumer Protection Law, 73 P.S. 201-1, *et seq.* ("UTPCPL").

2.      The Truth in Lending Act mandates that auto lenders disclose certain "costs of credit" associated with the transaction.   Accurate disclosure of the "amount financed" and "finance charge" are necessary in order for consumers to be able to make meaningful comparisons of credit alternatives.   Here, Defendant violated TILA by "swallowing" $3,000.00 of Plaintiff's down payment, thereby understating the down payment and amount financed by $3,000.00.   This misrepresents the costs of credit in the disclosures required to be provided to Mr. Sizer in connection with his auto loan transaction.

3.      In addition to swallowing one quarter of Plaintiff's down payment, the vehicle immediately exhibited problems requiring expensive repairs paid for by Plaintiff.   Plaintiff asked

Defendant dealer for some relief in the payment; instead Defendant repossessed the car. The statutorily required Notice of Repossession sent by Defendant failed to provide key information and as such, violates Pennsylvania's Uniform Commercial Code.

4.      Defendant's deceptions, omissions and misrepresentations in this predatory transaction also violate Pennsylvania's state anti-deception law, the UTPCPL.

## II.    JURISDICTION

5.      Jurisdiction is conferred upon this Court by TILA, 15 U.S.C. §1640(e), actionable through 28 U.S.C. §§ 1331, 1337.

6.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

## III.   PARTIES

7.      Plaintiff Wendell Sizer ("Sizer") is an adult individual residing in Philadelphia, Pennsylvania at the address captioned.

8.      Defendant Key Automotive Sales & Services, Inc. ("Defendant" or "Key") is upon information and belief a Pennsylvania corporation with a place of business located as captioned.  Key is a seller and financier of used motor vehicles.

9.      At all times relevant hereto, Key regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments.  Defendant is the person to whom the transaction which is the subject of this action is initially payable.  Key is a "creditor" within the meaning of TILA, 15 U.S.C. §1602(f) and Regulation Z, 12 C.F.R. §1026.2(a)(17).

## IV.   STATEMENT OF CLAIM

10.   On January 31, 2014, Wendell Sizer purchased a used 2008 Mercedes Benz GL450 (the "vehicle") from Defendant for the stated cash price of $24,585.00 plus tax, tags and fees.

11.   The vehicle was purchased and financed by Sizer for primarily personal, family and household use.

12.   At that time, Mr. Sizer and Defendant entered into a Retail Installment Sale Contract (or "RISC"), a copy of which is appended hereto as Exhibit "A" (redacted for privacy).

13.   The RISC is dated January 31, 2014 and lists "Key Automotive Sales and Service, Inc." as the "creditor-seller."   The RISC, a combined sales and finance document, purports to give Truth-in-Lending Disclosures required by law.   (Id.)

14.   The vehicle was not the car that Mr. Sizer first intended to buy.   In early January 2014, he approached Key about purchasing a 2005 Land Rover.   At that time, Mr. Sizer agreed to pay $12,000.00 cash down for the Land Rover.   He made a cash payment of $5,000.00 on January 11, 2014, and a cash payment of $7,000.00 on January 15, 2014, which were acknowledged by receipts given to him by Key.   The Land Rover had mechanical issues, and Defendant Key ultimately failed to deliver the Land Rover stating that it was then not available.

15.   Defendant Key then offered Mr. Sizer the 2008 Mercedes, and advised him that the $12,000.00 he paid to Key in cash would be applied as a down payment on the 2008 Mercedes.   Sizer was agreeable to this.

16.   Despite paying $12,000.00 cash as a down payment on the vehicle, the Retail Installment Sale Contract provided to Mr. Sizer for the Mercedes lists a down payment of only $9,000.00, a full $3,000.00 less than his actual down payment.   (See Exhibit "A").

17.     As such, the amount financed listed on the Retail Installment Sale Contract ($17,996.30) is inflated by $3,000.00 and the APR, finance charge, and total sale price are therefore inaccurate. Defendant is also charging, and Plaintiff has paid, interest on the inflated sum.

## COUNT I
## TRUTH IN LENDING ACT

18.     The foregoing paragraphs are incorporated herein as if set forth at length.

19.     Section 1638 of the Truth in Lending Act mandates that certain standardized disclosures be used in such a consumer finance transaction. 15 U.S.C. § 1638.

20.      Terms such as "amount financed," "finance charge," and "annual percentage rate" must be used, as well as a "descriptive explanation" of each of these terms.  15 U.S.C. §1638(a).

21.     The Act mandates that these disclosures be accurate, clear and conspicuous. *See* 15 U.S.C. §1632(a); Reg. Z, §1026.17(a).

22.     Defendant's Retail Installment Sale Contract does not comply with the requirements of the TILA.   Defendant's TILA disclosures are inaccurate, unclear, and misrepresent key cost of credit information, and are misleading to the consumer.

23.     Defendant violated the Truth in Lending Act, 15 U.S.C. §§1632(a), 1638(a)(2)–(5).

**WHEREFORE**, Plaintiff, Wendell Sizer, respectfully asks this Court to grant:

   (a)     Actual damages;

   (b)     Statutory damages;

   (c)     Reasonable attorney's fees and costs; and

   (c)     Such other relief as the Court shall deem just and proper.

4

## COUNT II
## PENNSYLVANIA UNIFORM COMMERCIAL CODE

24.     The foregoing paragraphs are incorporated herein as if set forth at length.

25.     Pursuant to the terms of the Retail Installment Sale Contract, Key was the secured party in this transaction.

26.     In Fall 2014, the vehicle was experiencing mechanical problems, for which Plaintiff had to pay $1,500.00 out-of-pocket.  This large expense caused Plaintiff to fall behind on the (inflated and excessive) monthly payments.

27.     Notwithstanding the fact that Key effectively stole $3,000.00 of Mr. Sizer's money, and accepted inflated monthly payments based on bogus credit disclosures, Defendant Key declared Mr. Sizer to be in default of the RISC.

28.     On or about November 4, 2014, Key repossessed Mr. Sizer's vehicle or directed that it be repossessed.

29.     Mr. Sizer had overpaid by this point in time, was not in default, and Defendant Key committed a commercially unreasonable and wrongful repossession.

30.     Pennsylvania law requires a prompt post-repossession notice to the borrower advising of the repossession, whether a borrower can redeem (or get his car back) at any time before the expiration of 15 days, an itemized statement of the total amount required to redeem, whether the vehicle will be sold by public or private sale (and if public, the time and place), whether the debtor may be liable for a deficiency or entitled to a surplus, and other information. 12 Pa. C.S. §6254; 13 Pa. C.S. §9610, 9613-9614.

31.     On or about November 4, 2014, Key sent to Plaintiff a letter stating it had repossessed his vehicle.  A copy of this Repossession Notice has been attached as Exhibit "B" (redacted as required).

32.     Defendant's Repossession Notice fails to include any itemized statement of the total amount required to reinstate the contract. (Ex. "B").

33.     Defendant's Repossession Notice fails to set forth that Key intends to resell the motor vehicle at the expiration of 15 days from the date of mailing the Notice. (Id.).

34.     The Repossession Notice sent by Defendant misleadingly lists no date by which Plaintiff could redeem, and lists no date for a public sale, or a date after which a private sale might occur. (Id.).

35.     The Repossession Notice does not state the method of intended disposition.

36.     The Repossession Notice does not state whether any "sale" would be public or private.

37.     The Repossession Notice misleadingly states "if we get less money than you owe you *will or will not* … still owe us the difference." (Id., emphasis added).  Accordingly, it fails to provide a description of any liability for a deficiency of the person to which the notification is sent.

38.     Defendant violated Pennsylvania's Uniform Commercial Code by failing to provide in the form and manner the Notice required thereunder after repossessing and disposition of a vehicle.

39.     Defendant failed to provide "reasonable authenticated notice of disposition" as required under the UCC to Plaintiff.  13 Pa. C.S. § 9611, 9613-9614.

40.     Defendant committed a commercially unreasonable disposition of collateral under the UCC. 13 Pa. C.S. §9610.

41.     Defendant's failure to comply with the requirements of sub-chapter 6 of Article 9 in the UCC renders Defendant liable for minimum statutory damages of not less than the credit

service charge (finance charge) plus 10% of the principal amount of the underlying obligation. 13 Pa. C.S.A. §9625.

      **WHEREFORE**, Plaintiff, Wendell Sizer, respectfully asks this Court to grant:

      (a) Actual damages;

      (b) Statutory damages;

      (c) A declaration that the Repossession Notice used by Defendant with respect to Plaintiff fails to comport with the provisions of Pennsylvania law; and

      (d) Such other relief as the Court shall deem just and proper.

**COUNT III**
**PENNSYLVANIA UNFAIR TRADE PRACTICES AND**
**CONSUMER PROTECTION LAW**

42.     The foregoing paragraphs are incorporated herein as if set forth at length.

43.     Defendant Key unfairly and unconscionably pocketed $3,000.00 of Plaintiff's money and gave Mr. Sizer no credit for it in this transaction. Key then fabricated how much Mr. Sizer had paid, inflated the costs of this predatory loan, and then hid the details by misrepresenting them in the finance paperwork.

44.     Key's installment sales contract contained material omissions and misrepresentations about the consumer's down payment and cost of credit disclosures.

45.     Despite selling the vehicle to Mr. Sizer in January, Defendant improperly failed to register a certificate of title with the Commonwealth until June 2014, causing Plaintiff to drive around for months without valid title.

46.     Defendant Key unfairly, wrongfully and deceptively declared a default and repossessed Plaintiff's vehicle.

47.    Plaintiff relied on defendant's omissions and misrepresentations as they influenced his purchasing decision.

48.    As a direct result of defendant's conduct, Plaintiff lost his $3,000.00 down payment, amounts paid monthly in improper and inflated finance charges, deprivation of his vehicle, and suffered other ascertainable losses.

49.    By committing unfair and deceptive practices, omitting key terms of the finance arrangement, and misrepresenting key elements of the costs of this oppressive consumer transaction, Defendant:

> (a) represented that the auto finance arrangement had characteristics or benefits it did not have,  73 P.S. 201-2(v);
>
> (b) engaged in other fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding, 73  P.S. 201-2 (xxi); and
>
> (c) violated the Pennsylvania Bureau of Consumer Protection Automotive Industry Trade Practices, 37 Pa. Code 301.2(3), (4), and (6), constituting a per se violation of the UTPCPL.

**WHEREFORE**, Plaintiff, Wendell Sizer, respectfully asks this Court to grant:

> (a)    Actual damages;
>
> (b)    Treble damages
>
> (c)    Reasonable attorney's fees and costs; and
>
> (d)    Such other relief as the Court shall deem just and proper.

## COUNT IV
## CONVERSION/WRONGFUL REPOSSESSION

50.    The foregoing paragraphs are incorporated herein as if set forth at length.

51.     Defendant Key took possession of Plaintiff's vehicle without his consent, without lawful justification, and without a then-present right to possession.

52.     Defendant's conduct constitutes a wrongful repossession, an illegal conversion of Plaintiff's vehicle, and a trespass to property.

53.     As a result of Defendant's intentional, willful and reckless conduct, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff, Wendell Sizer, respectfully asks this Court to grant:

(d) Actual damages

(e) Punitive damages; and

(c) Such other relief as the Court shall deem just and proper.

## V.     **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

Date: 1/20/15

CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ
Attorneys for Plaintiff

FLITTER LORENZ, P.C.
450 N. Narberth Avenue, Suite 101
Narberth, PA  19072
(610) 668-0018

9

# EXHIBIT "A"

# LAW° 553-PA-ARB-ep 1/08

## RETAIL INSTALLMENT SALE CONTRACT
## SIMPLE FINANCE CHARGE

Dealer Number **8632394**          Contract Number **2848397**          **01/31/2014**

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Creditor-Seller (Name and Address) |
|---|---|---|
| wendell sizer<br>5543 race st<br>Philadelphia              PA 19139<br>Philadelphia | | Key Automotive Sales & Service Inc<br>101 West Erie Avenue<br>PHILADELPHIA          PA    19140<br>(215)399-7300 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements in this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used/Demo | Year | Make and Model | Mfg Gross Vehicular Weight | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| USED | 2008 | MERCEDES 5280 GL450 | | ...16665 | [X] personal, family or household<br>[ ] business<br>[ ] agricultural          [ ] |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $ 9,000.00     is |
|---|---|---|---|---|
| 15.00%    % | $ 6,073.62 | $ 17,996.30 | $ 24,069.92 | $ 33,069.92 |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| | | Monthly beginning |
| Or As Follows: 48 | $500.00 | 03/01/2014     Monthly |
| 1 | $69.92 | |

**Late Charge.** If payment is not paid in full within 10 days after it is due, you will pay a late charge. If the vehicle is a heavy commercial motor vehicle, the charge will be 4% of the part of the payment that is late. Otherwise, the charge will be 2% per month of the part of the payment that is late, figured based on a full calendar month for any part of a month that is more than 10 days.
**Prepayment.** If you pay off all your debt early, you will not have to pay a penalty.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about non-payment, default, any required repayment in full before the scheduled date and security interest.

### WARRANTIES SELLER DISCLAIMS
The following paragraph does not affect any warranties covering the vehicle that the vehicle manufacturer may provide. The following paragraph also does not apply at all if you bought the vehicle primarily for personal, family, or household use. Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.

### Applicable Law
Federal law and the law of the state of the Seller's address shown in this contract apply to this contract.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

### NO COOLING OFF PERIOD
State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.

## ITEMIZATION OF AMOUNT FINANCED

1 Cash Price (including $ __1,966.80__ sales tax)  $ __26,551.80__ (1)

2 Total Downpayment =

Trade-In _____
(Year)        (Make)              (Model)

Trade-In _____
Gross Trade-In Allowance          (VIN)        $ ____0.00__
Less Pay Off Made By Seller                    $ ____0.00__
Equals Net Trade In                            $ ____0.00__
Cash                                           $ __9,000.00__
Other_____                          $ ____0.00__
(If total downpayment is negative, enter "0" and see 4H below)   $ __9,000.00__ (2)

3 Unpaid Balance of Cash Price (1 minus 2)     $ __17,551.80__ (3)

4 Other Charges Including Amounts Paid to Others on Your Behalf
(Seller may keep part of these amounts):

A Cost of Optional Credit Insurance Paid to Insurance
Company or Companies
Life     N/A        Term    $ ____0.00__
Disability  N/A     Term    $ ____0.00__     $ ____0.00__

B Other Optional Insurance Paid to Insurance Company or Companies
(Describe)_____ Term _____  $ ____0.00__
(Describe)_____ Term _____  $ ____0.00__

C Official Fees Paid to Government Agencies
to  State       for  Lien Fee             $ ____5.00__
to  State       for  Tire Tax             $ ____0.00__
to  State       for  Addt'l Registration Fees  $ ___36.00__

D Optional Gap Contract                       $ ____0.00__

E Government Taxes Not Included in Cash Price $ ____0.00__

F Government License and/or Registration Fees
                                              $ ____0.00__

G Government Certificate of Title Fees
(includes $ ____ refer to 4C   security interest recording fee)  $ ___22.50__

H Other Charges (Seller must identify who is paid and
describe purpose)
to _____      for Prior Credit or Lease Balance  $ ____0.00__
to N/A           for N/A                      $ ____0.00__
to Dealer        for Documentary Fee          $ __131.00__
to Dealer        for Notary Fee
                     Messenger Fee            $ ____0.00__
to Dealer        for Inspection               $ ____0.00__
to Dealer        for Online Reg Fee           $ __250.00__

Total Other Charges and Amounts Paid to Others on Your Behalf  $ __444.50__ (4)

5 Amount Financed (3 + 4)                      $ __17,996.30__ (5)
6 Finance Charge                               $ __6,073.62__ (6)
7 Total of Payments-Time Balance (5 + 6)       $ __24,069.92__ (7)

---

**If you do not meet your contract obligations, you may lose the vehicle.**

---

OPTION: ☐ You pay no finance charge if the Amount Financed, item 5, is paid in full on or before _____, Year _____, SELLER'S INITIALS _____

---

OPTIONAL GAP CONTRACT. A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term ___N/A___  Mos.   N/A
                        Name of Gap Contract

I want to buy a gap contract.

Buyer Signs X _____

---

Returned Check Charge: You agree to pay the costs we actually pay to others if any check you give us is dishonored.

---

**Insurance.** You may buy the physical damage insurance this contract requires from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

**Check the insurance you want and sign below:**

### Optional Credit Insurance

☐ Credit Life  ☐ Buyer  ☐ Co-Buyer  ☐ Both
☐ Credit Disability (Buyer Only)

Premium:
Credit Life $ ___N/A___
Credit Disability $ ___N/A___

Insurance Company Name
_____N/A_____

Home Office Address

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance pays the unpaid part of the Amount Financed if you die. This insurance pays only the amount you would owe if you paid all your payments on time. Credit disability insurance pays the scheduled payments due under this contract while you are disabled. This insurance does not cover any increase in your payment or in the number of payments. The policies or certificates issued by the named insurance companies may further limit the coverage that credit life insurance or credit disability insurance provides. See the policies or certificates for coverage limits or other terms and conditions.

### Other Optional Insurance

☐
_____
Type of Insurance        Term
Premium $ _____
Description of Coverage

Insurance Company Name

Home Office Address

☐
_____
Type of Insurance        Term
Premium $ _____
Description of Coverage

Insurance Company Name

Home Office Address

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.

I want the insurance checked above.

X _____
Buyer Signature              Date

X _____
Co-Buyer Signature           Date

**THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS.**

# EXHIBIT "B"

Nov 12 14 12:53p                                                2674032028                        p.2

## Notice of Sale of Repossessed Vehicle

### CERTIFIED MAIL - RETURN RECEIPT REQUESTED

Date **11/4/2014**

*Secured Party's name:* **Key Automotive Sales & Service Inc**

*Secured Party's address:* **101 West Erie Avenue    Philadelphia       PA 19140** *Ph:* **(215)399-7300**

### NOTICE OF OUR PLAN TO SELL PROPERTY

*Debtor's name:* **wendell sizer**

*Debtor's address:* **5543 race st**                                    **Philadelphia, PA    19139**

We have your collateral as described below, because you broke promises on our agreement.

Make: **MERCEDES**       Model: **GL450**           Year: **2008**   VIN **6665**

and Motor Vehicle Installment Contract dated     **01/31/2014**

We will sell the above described collateral at *(choose one – either public sale or private sale)*

**a public sale.** The sale will be held as follows:

Date:_____ Time:_____ Place:_____

**If the collateral is to be sold at a public sale, you may attend the sale and bring bidders if you want.**

*OR*

**a private sale** sometime after (date):_____.

The money that we get from the sale (after paying our costs) will reduce the amount you owe. If we get less money than you owe, you **will** or **will not** *(choose one as applicable)* still owe us the difference. If we get more money than you owe, you will get the extra money, unless we must pay it to someone else.

You can get the property back at any time before we sell it by paying us the full amount you owe (not just the past due payment), including our expenses. To learn the exact amount you must pay, call us at the number listed above.

If you want us to explain to you in writing how we have figured the amount that you owe us, you may call us at the above listed number or write us at the above listed address and request a written explanation. We will charge you $25.00 for the explanation if we have, within the last six months, sent you a written explanation of the amount you owe us.

If you need more information about the sale, you may contact us at the above listed phone number or address.

We are sending this notice to the following other people who have an interest in the collateral described above or who owe money under your agreement: (list of lien holders, other debtors, etc., if any)

_____

*If checked here, personal property was found in the repossessed vehicle, such property may be identified and claimed within thirty (30) days of this notice, between the hours of _____ and _____, Monday through Friday, at the above address.*

Sincerely,

**Key Automotive Sales & Service Inc**_____ *(Secured Party)*

OIADA Form 05.3 – To reorder, call 800-346-4232 – © 2001 O&R Morgan, Inc. – All rights reserved                        Rev.4/01